UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY ATWATER,

                      Plaintiff,

v.                                                                 Case No. 21-cv-225-pp

CAPTAIN MENNE, JULIE NICKELS,
MARK RICE, and SAM SCHNEITER,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

Gregory Atwater, incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to due process during his disciplinary proceedings. This decision resolves his motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 9, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $38.53. Dkt. No. 6. Three days later, the court received from the plaintiff $400 to apply to the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Because the filing fee is only $350, the court will instruct the clerk's office to refund the plaintiff the extra $50 overpaid.

## II.   Screening the Complaint

### A.   Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff was an inmate at John Burke Correctional Center (JBCC) and Dodge Correctional Institution at the time of the events alleged in the complaint. Dkt. No. 1 at ¶3. He has sued Captain Menne and Deputy Warden Sam Schneiter at Dodge, and Sergeant Julie Nickels and Superintendent Mark Rice at JBCC. Id. at ¶¶4–7. The plaintiff has sued the defendants in their "personal and individual capacities." Id. at page 4.

The complaint alleges that on August 9, 2013, the plaintiff "was involved in a physical altercation with multiple JBCC guards." Id. at ¶8. Later that day, he was placed in segregation at Dodge. Id. The plaintiff alleges that video

3

surveillance captured the incident and that JBCC guard Heather Bunker (who is not a defendant) made a copy of the video. Id. at ¶9. About three weeks later, JBCC Sergeant John (who is not a defendant) saw the plaintiff in segregation (at Dodge), informed him that Sergeant Nickels was preparing a conduct report about the incident and told him she was his staff advocate. Id. at ¶10. The plaintiff told Sgt. John that he wanted a due process hearing, that he wanted to call witnesses at the hearing and that he wanted her to get a copy of the surveillance video for his defense. Id. at ¶11. John said she would "look into his request" and told him "to sign the hearing forms." Id. at ¶12. The plaintiff also sent a letter, inmate complaint and request to preserve the video evidence to JBCC Superintendent Rice. Id. at ¶13.

On August 29, 2013, JBCC Sergeant Erin Maxwell (who is not a defendant) saw the plaintiff in segregation (at Dodge) to give him new hearing papers and a copy of the conduct report. Id. at ¶14. She told the plaintiff that the guards involved in the altercation "were really out to 'get him'" and that Sgt. John improperly filled out the hearing forms without the plaintiff's consent, waiving the plaintiff's rights and checked a box signifying that the plaintiff wished to plead guilty to the conduct report. Id. at ¶15. Sergeant Maxwell gave the plaintiff new forms to complete to request a hearing. Id. at ¶16. She told the plaintiff she had seen the surveillance video, which allegedly showed guards attacking the plaintiff while he was "on the table by the control center," and showed him getting "punched and kicked while he was on the ground." Id.

She also said that there were "a lot of witnesses who saw the altercation and said [the plaintiff] didn't do anything wrong." Id. at ¶17.

On September 13, 2013, Captain Menne conducted a disciplinary hearing on the conduct report for the August 2013 incident. Id. at ¶18. The plaintiff asked for a postponement because Sgt. John, his staff advocate, was not present and had not obtained his requested witness statements or the video of the incident. Id. at ¶19. Menne said that he'd been informed by JBCC Superintendent Rice there was video of the incident, "but it was not given to him as evidence for the hearing." Id. at ¶20. The plaintiff told Menne that the plaintiff's cellmate in segregation was a witness and wanted to make a statement, but Menne denied the request. Id. at ¶21. The plaintiff does not say what disciplinary charges he faced, but he alleges that Menne found the plaintiff guilty of all charges and sentenced him to 360 days' disciplinary separation. Id. at ¶22.

The plaintiff appealed the decision to the warden, and Deputy Warden Schneiter affirmed the sentence. Id. at ¶23. But Schneiter changed Menne's finding that the plaintiff was guilty of disruptive conduct to not guilty and instead found him guilty of battery. Id. at ¶24. The plaintiff filed an inmate complaint about what he believes were procedural errors at the hearing. Id. at ¶25. Prison staff received the complaint on October 3, 2013 and dismissed it four days later. Id. The plaintiff appealed, but staff dismissed the appeal on November 1, 2013. Id.

5

The plaintiff asserts the defendants violated his right to due process by failing to preserve and disclose the surveillance video, denying his requests to view or use the video in his disciplinary hearing and refusing to allow him to call witnesses at the hearing. Id. at ¶¶26–28. He claims Schneiter improperly reviewed his appeal and altered the finding of guilt to a higher offense. Id. at ¶29. He seeks monetary damages. Id. at 4.

C.    Analysis

The plaintiff has not alleged that the length of his prison sentence was affected by the result of his disciplinary hearing. But under Wisconsin law, disciplinary infractions and time spent in segregation automatically extend a prisoner's mandatory release date. See Whiteside v. Tegels, No. 11-CV-662-WMC, 2013 WL 5442361, at *2 (W.D. Wis. Sept. 30, 2013) (citing Wis. Stat. §302.11(2)(a)–(b)); Wis. Admin. Code DOC §303.72(1)–(2) and Table DOC 303.72. The plaintiff was entitled to a disciplinary hearing "that was consistent with the minimum amount of due process." Id. (citing Sandin v. Conner, 515 U.S. 472, 483–84 (1995)). That process includes written notice of the charges at least twenty-four hours before the hearing, an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals" and a written statement by the factfinder of the evidence on which the factfinder relied and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974); see Edwards v. Balisok, 520 U.S. 641, 647 (1997).

The plaintiff asserts that the defendants did not provide him the process Wolff requires during his disciplinary proceedings, and he seeks damages. But a prisoner may not raise claims for damages in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). That includes convictions and sentences "arising out of prison disciplinary proceedings." Olson v. Humphreys, No. 07-C-682, 2007 WL 2570231, at *3 (E.D. Wis. Aug. 30, 2007) (citing Edwards, 520 U.S. at 643, 645).

A judgment in the plaintiff's favor on his due process claims would imply the invalidity of his disciplinary conviction and sentence. He asserts that he was prohibited from introducing evidence that would have shown he did not commit the charged conduct. If that is correct, it calls into question the validity of his disciplinary conviction. The plaintiff has not provided proof that his disciplinary conviction has been invalidated, set aside or expunged.[1] To the contrary, the plaintiff says that his conviction was upheld on appeal. Dkt. No. 1 at ¶23. Unless and until the plaintiff successfully invalidates his disciplinary conviction, he may not pursue damages (or any relief) under §1983 on claims related to his disciplinary proceedings.

---

[1] The Wisconsin Court of Appeals recently reversed the circuit court's denial of the plaintiff's petition for postconviction relief related to criminal charges brought against him for the same conduct. See State v. Atwater, Appeal No. 2019AP1977-CR, 2021 WL 383754 (Wis. Ct. App. Feb. 4, 2021). This decision does not relate to the *disciplinary* charges.

To the extent the plaintiff wishes to challenge his disciplinary conviction, rather than the process he received, he may not do so in a lawsuit under §1983. He must bring that challenge in a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. See Heck, 512 U.S. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983.").

It is not advisable, however, for the court to convert the plaintiff's §1983 lawsuit into a §2254 *habeas* petition; such a conversion could have unintended consequences. See Olson, 2007 WL 2570231, at *3 (citing Heck, 512 U.S. at 477; and Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996)). Rather, the appropriate action for the court to take is to dismiss the §1983 suit without prejudice. The plaintiff then may decide whether he wishes to file a petition for *habeas corpus* under 28 U.S.C. §2254. The court advises the plaintiff to study the statutes governing *habeas corpus* petitions, particularly those discussing the statute of limitations (prescribing the deadlines for filing *habeas* petitions) and the content of §2254 petition, before filing such a petition. See 28 U.S.C. §§2244(d)(1), 2254(b)–(f).

Finally, attached to the plaintiff's complaint was a proposed amended complaint for Case No. 19-cv-1576. Dkt. No. 1 at 7. In a revised complaint the court received on April 22, 2021, the plaintiff said that he filed the original

8

complaint in Case No. 19-cv-1576 in October 2019. Dkt. No. 7 at ¶26.[2] This court screened that complaint, which included the due process claims the plaintiff asserts in this case and alleged claims under the First and Eighth Amendments against other defendants not named in this lawsuit. Case No. 19-cv-1576, Dkt. No. 9 at 6–8. The court concluded that the plaintiff improperly was attempting to bring unrelated claims against different defendants in the same lawsuit. Id. at 8. The court ordered the plaintiff to amend his complaint and to select one set of claims on which to proceed. Id. at 9. The court instructed the plaintiff that he could bring "any other unrelated claims in a separate lawsuit." Id. The court also noted that some of the plaintiff's claims might be time-barred. Id. at 10–11. On January 5, 2021, Case No. 19-cv-1576 to was reassigned to recently appointed District Judge Brett H. Ludwig. Id., Dkt. No. 13.

Shortly after the reassignment, the plaintiff filed the complaint in this lawsuit and the proposed amended complaint for Case No. 19-cv-1576. Case No. 21-cv-225, Dkt. No. 1. It appears the clerk's office mistakenly filed the amended complaint for Case No. 19-cv-1576 in this lawsuit when it should have been filed in Case No. 19-cv-1576. The plaintiff and Judge Ludwig are aware of the misfiling. The clerk's office since has correctly docketed the amended complaint for Case No. 19-cv-1576, and Judge Ludwig has addressed

---

[2] The revised complaint adds three paragraphs explaining the plaintiff's previous lawsuit. Dkt. No. 7 at ¶¶26-28. Otherwise, it is identical to the original complaint.

9

in that case the misfiling and the amended complaint. Case No. 19-cv-1576, Dkt. Nos. 18, 21.

In this case, the plaintiff asserts that the statute of limitations for his claims should be tolled because they were included in the complaint in Case No. 19-cv-1576. Dkt. No. 7 at ¶28. He asks the court to consolidate this case with Case No. 19-cv-1576. It is appropriate to consolidate cases when they involve related claims against the same defendant or defendants. The court ordered the plaintiff to separate the claims into different lawsuits because they are *not* unrelated to one another and involve *different* defendants. It would make no sense, and would violate Fed. R. Civ. P. 8 and 20, to consolidate the cases when the court expressly ordered the plaintiff to file them in separate lawsuits. Because the court is dismissing the claims in this complaint, the court need not address whether the plaintiff's claims in this case were timely filed.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED without prejudice**. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must refund the plaintiff the $50 he overpaid toward the $350 filing fee.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**