UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY ATWATER,

        Plaintiff,

v.                                                Case No. 21-cv-225-pp

CAPTAIN MENNE, JULIE NICKELS,
MARK RICE, and SAM SCHNEITER,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (DKT. NO. 11)**

On April 29, 2021, the court dismissed without prejudice plaintiff Gregory Atwater's complaint under 42 U.S.C. §1983. Dkt. No. 8. The court explained that the plaintiff could not proceed under §1983 because success on his claims would imply the invalidity of his disciplinary conviction and sentence. Id. at 7. The court also explained that the plaintiff could not challenge his disciplinary conviction in a lawsuit under §1983, advising him that the proper way to bring such a challenge was in a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Id. at 8.

The plaintiff has filed a motion asking the court to reconsider its decision, and to alter or amend the judgment under Fed. R. Civ. P. 59(e). Dkt. No. 11. The plaintiff summarizes Seventh Circuit caselaw detailing differences between §§2254 and 1983. Id. at 1-3. He then asserts that the court committed a manifest error of law in dismissing his case as barred under Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 3-4. The plaintiff insists he "is not

1

challenging the fact that he is in prison or how long he will be in prison." Id. at 1. He characterizes his claims as challenging the defendants' actions before his disciplinary hearing, which he says violated his right to due process. Id. at 4-5. The plaintiff asks the court to grant his motion, reverse the judgment and allow him to amend his complaint. Id. at 6.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A court may grant a Rule 59(e) motion only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001); and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The court notes that the plaintiff plagiarized—quoting without citing the source document—an order from another judge in this district in at attempt to recharacterize his claims for purposes of succeeding on this motion for reconsideration. Except for two sentences, the plaintiff lifted the first paragraph on page 4 of his motion from Judge Ludwig's order in Case No. 19-cv-972-bhl. See Johnson v. Kind, No. 19-CV-0972-BHL, 2020 WL 5912383, at *5 (E.D. Wis.

Oct. 6, 2020). The plaintiff substituted defendant Menne in place of "Kind," the defendant in Case No. 19-cv-972. The court compares the two paragraphs below. The court has bolded the identical language:

> **The plaintiff claims that** Capt. Menne **arbitrarily denied his request for witnesses and evidence, lied about the availability of body-camera footage, and** evidence was fabricated, prior to his hearing. **Although these claims call into question** Menne's **actions related to the hearing, they *do not* necessarily imply the invalidity of the disciplinary proceedings.** Menne **denied the plaintiffs request for witnesses and** video **evidence**, and Sgt. Johns, the plaintiffs staff representative, disregarded the inmates **request for witnesses and** video **evidence, before the rehearing. The plaintiff knew at that time that his rights had been violated regardless of what happened later at the rehearing. These due-process claims are "not** fully **dependent upon anything that happened at the disciplinary hearing" and do not require the Court to decide whether the disciplinary process itself was invalid. *Clayton-El v. Fisher*, 96 F.3d 236, 243 (7th Cir. 1996); see *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quoting *Heck*, 512 U.S. at 482-83, 487) (noting that *Heck* may not bar a plaintiff from seeking damages against an official "for using the wrong procedures, not for reaching the wrong result," so long as the challenge does not "necessarily imply the invalidity of' the proceedings). *Heck* does not bar the plaintiff from proceeding on these claims.**

Dkt. No. 11 at 4.

> **The plaintiff** similarly **claims that** Kind **arbitrarily denied his request for witnesses and evidence, lied about the availability of body-camera footage, and** fabricated other evidence**. Although these claims call into question** Kind's **actions related to the hearing** and rehearing**, they do not necessarily imply the invalidity of the disciplinary proceedings.** Kind **denied the plaintiff's request for witnesses and evidence** more than two weeks **before the rehearing**. **The plaintiff knew at that time that his rights had been violated regardless of what happened later at the rehearing. These due-process claims are "not dependent upon anything that happened at the disciplinary hearing" and do not require the Court to decide whether the disciplinary process itself was invalid. *Clayton-El v. Fisher*, 96 F.3d 236, 243 (7th Cir. 1996); see *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quoting *Heck*, 512 U.S. at 482–83, 487) (noting that *Heck* may**

> **not bar a plaintiff from seeking damages against an official "for using the wrong procedures, not for reaching the wrong result," so long as the challenge does not "necessarily imply the invalidity of" the proceedings).** *Heck* **does not bar the plaintiff from proceeding on these claims.**

Johnson, 2020 WL 5912383, at *5 (internal record citation omitted). Despite copying and pasting this paragraph from Johnson, the plaintiff did not cite that case anywhere in his motion.[1]

Plagiarizing is prohibited in legal documents and pleadings. There is nothing wrong with quoting language from other cases in a memo or a brief; lawyers and judges do it all the time. But when one quotes something that someone else has written, one must give that person credit, by "citing" to the case in which the person wrote it.

Not only did the plaintiff lift language from a case written by another judge in this court without citation, but that language is not helpful to his claims. The facts of this case are not the same as those in Johnson. The plaintiff's complaint does not allege that defendant Menne lied about body-camera footage or fabricated evidence. The complaint alleges that the plaintiff asked the defendants to preserve *surveillance* video for him to use at his

---

[1] The plaintiff also twice refers to "Jacobs." Dkt. No. 11 at 3 ("The Court's re-characterization of Jacobs's action does not necessarily spell its doom."); id. ("[W]hile federal habeas relief is not available to Jacobs for the claims he asserts, he is able to proceed under § 1983."). Jacobs is not the plaintiff's name or the name of any defendant. The plaintiff lifted the full paragraph in which he uses the name "Jacobs" verbatim from a footnote in Jacobs v. Bertrand, 228 F.R.D. 627, 630 n.5 (E.D. Wis. 2005). The plaintiff does not credit then-Chief Judge Randa for the language from the footnote in Jacobs. Without exhaustively cataloging them, it appears that the plaintiff may have lifted other sections of his motion from this court's cases without proper citation.

disciplinary hearing. Dkt. No. 1 at ¶¶11, 13. During the hearing, the plaintiff asked for a postponement because his staff advocate was not present and because the plaintiff had not been able to obtain witness statements or the video. Id. at ¶19. Captain Menne allegedly acknowledged that video of the incident existed but told the plaintiff he had not received it from the prison superintendent. Id. at ¶20. The plaintiff asked that Menne allow his cellmate to make a statement, but Menne denied that request. Id. at ¶21. There are no allegations about body-camera footage or that any defendant fabricated evidence used in the plaintiff's disciplinary hearing.

The plaintiff also says that his due-process claims are "not fully dependent upon anything that happened at the disciplinary hearing" because they occurred before the hearing. Dkt. No. 11 at 4 (quoting Clayton-El, 96 F.3d at 243).[2] But that is not what he alleged in his complaint. The complaint does not allege that Menne denied the plaintiff's requests for video evidence and witnesses before the hearing, as did the defendant in Johnson. See Johnson, 2020 WL 5912383, at *5 ("Kind denied the plaintiff's request for witnesses and evidence more than two weeks before the rehearing."). The complaint alleges that Menne denied the plaintiff's requests to view the video, postpone the hearing and allow his cellmate to testify *at the hearing*. That means that,

---

[2] The plaintiff misquotes Clayton-El by adding the qualifier "fully" to the Seventh Circuit's language. See Clayton-El, 96 F.3d at 243 (describing a set of claims that were "not dependent upon anything that happened at the disciplinary hearing"). Adding "fully" to this language weakens the plaintiff's argument by suggesting that his claims are at least partially dependent on what happened during his disciplinary hearing. Regardless, it is improper to add language to a quote without acknowledging it.

5

contrary to the plaintiff's misplaced reliance on Clayton-El and Johnson, his claims are entirely dependent on what happened at the disciplinary hearing. The plaintiff was not aware until then that the video was not made available and that the witness statements had not been obtained.

The complaint alleges nothing about a "rehearing" in the plaintiff's disciplinary proceedings. The plaintiff in Johnson had a rehearing because he successfully invalidated his disciplinary conviction. Johnson, 2020 WL 5912383, at *5 ("The plaintiff alleges that the conviction imposed at his first disciplinary hearing was reversed on appeal."). The plaintiff in this case, however, alleges that his disciplinary appeal was denied. Dkt. No. 1 at ¶25 ("Atwater filed a[n] inmate complaint . . . appealed, and the appeal was dismissed on 11-1-13.").

Aside from the plaintiff's erroneous reliance on Johnson, he insists that his claims do not undermine the validity of the disciplinary proceedings. He characterizes his claims as challenging the disciplinary procedures themselves (and therefore the conditions of his confinement) and not the result of the disciplinary hearing. But, again, that is not what the complaint alleges. The complaint does not assert that the defendants used the wrong procedures or that the conditions of disciplinary separation violated the plaintiff's rights. It asserts that the defendants denied the plaintiff the process that was due during his hearing and that, had the defendants provided him proper process, the plaintiff would have presented evidence showing he was not guilty of the disciplinary charges. Dkt. No. 1 at 1 ("Plaintiff alleges that the defendants

violated his procedural due process rights under the Fourteenth Amendment, by excluding surveillance video and witnesses from his conduct report hearing."); id. at ¶26 ("Defendant Capt. Menne violated plaintiff's due process rights *by finding him guilty* without surveillance video of incident, or viewing it, and denying plaintiff's witness." (Emphasis added)).

The plaintiff also mischaracterizes the test for determining whether Heck bars his claims. Whether Heck bars an inmate's claim does not depend on how he words his challenge. The question is whether *success* on those claims—regardless of how they are worded—would call into question the validity of his conviction or sentence. Dkt. No. 8 at 7; see Olson v. Humphreys, No. 07-C-682, 2007 WL 2570231, at *3 (E.D. Wis. Aug. 30, 2007) (quoting Edwards v. Balisok, 520 U.S. 641, 645 (1997) ("[A]n inmate's claim that his due process rights were violated in a disciplinary hearing [i]s not cognizable if '*the nature of the challenge* to the procedures [is] such as necessarily to imply the invalidity of the judgment.'" (Emphasis added)). If the plaintiff is right that the defendants did not allow him to present video evidence and witnesses that would have shown he did not commit the charged conduct, then his disciplinary conviction and sentence based on that alleged conduct would necessarily be called into question.

The plaintiff asserts that Heck does not bar his §1983 lawsuit for damages because he was punished only with disciplinary separation. Dkt. No. 11 at 4-5. But the language he uses (again without proper citation) is not applicable to the facts alleged in his complaint. As the court explained in the

screening order, a punishment of disciplinary segregation automatically extends a Wisconsin inmate's mandatory release date. Dkt. No. 8 at 6 (citing Whiteside v. Tegels, No. 11-CV-662-WMC, 2013 WL 5442361, at *2 (W.D. Wis. Sept. 30, 2013); Wis. Stat. §302.11(2)(a)–(b)); Wis. Admin. Code DOC §303.72(1)–(2) and Table DOC 303.72). That means that even though the plaintiff was punished with disciplinary separation, the effect of that punishment under Wisconsin law was to extend his sentence.

If the plaintiff were successful on his challenges to his disciplinary hearing, that would necessarily mean that his disciplinary conviction—and therefore the extension of his sentence—is invalid. Because the claims in the plaintiff's §1983 complaint would undermine his disciplinary conviction and sentence if he were successful, he cannot bring those claims (even for damages) in this lawsuit. See Dkt. No. 8 at 7 (citing Edwards, 520 U.S. at 646; Heck, 512 U.S. at 486; and Olson, 2007 WL 2570231, at *3). He may bring that challenge under §1983 *only if* his disciplinary conviction and sentence are first invalidated. Id.; see Olson, 2007 WL 2570231, at *3 (dismissing prisoner's §1983 claim for damages on ground "that he was denied due process in the course of the disciplinary proceedings" because success on that claim would "imply the invalidity of the affected proceedings and resulting sanctions").

The plaintiff says he cannot challenge his disciplinary conviction in a §2254 petition because he "is no longer in solitary confinement, so there is no relief that a habeas writ could give him." Dkt. No. 11 at 4. That is incorrect. Success in a §2254 petition could invalidate the plaintiff's disciplinary

8

conviction—a prerequisite to bringing this §1983 lawsuit. See Olson, 2007 WL 2570231, at *3 (citing Edwards, 520 U.S. at 643). The plaintiff's statement that he is too late to succeed under §2254 may be correct *now*, but that does not mean that he did not have access to the *habeas* process. The plaintiff alleges that he was convicted of the disciplinary charges on September 13, 2013, and that staff dismissed his appeal on November 1, 2013. Dkt. No. 1 at ¶¶18, 25. The plaintiff had one year following the finality of his disciplinary conviction to seek relief in a petition under §2254. See 28 U.S.C. §2244(d)(1). The fact that he failed to bring a timely petition under §2254 does not mean he now is entitled to seek relief under §1983 instead.

The plaintiff has not clearly established that the court committed a manifest error of law or fact in its judgment. The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9