UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY ATWATER,

                Plaintiff,

v.                                    Case No. 21-cv-225-pp

CAPTAIN MENNE, JULIE NICKELS,
MARK RICE and SAM SCHNEITER,

                Defendants.

**ORDER DENYING PLAINTIFF'S PROPOSED BILL OF COSTS (DKT. NO. 32) AND SERVING COMPLAINT (DKT. NO. 1) ON THE DEFENDANTS**

On April 29, 2021, the court dismissed without prejudice *pro se* plaintiff Gregory Atwater's complaint, filed under 42 U.S.C. §1983. Dkt. No. 8. On July 15, 2021, the court denied the plaintiff's motion to alter or amend the judgment. Dkt. No. 12. The plaintiff appealed, dkt. no. 13, and on May 10, 2022, the Seventh Circuit Court of Appeals entered an order vacating the judgment and remanding for service of the complaint on the defendants, dkt. no. 27 at 1–4. On June 2, 2022, the Seventh Circuit issued the mandate. Id. at 6. Consistent with that order, the court will order service of the complaint on the defendants and order them to respond.

But there is another issue. After the Court of Appeals entered its order remanding the case, the plaintiff filed a "Motion for Bill of Costs." Dkt. No. 25. The plaintiff cited the Seventh Circuit's remand order and requested "reimbursement of the fee for filing notice of appeal, cost for copies of brief, and postage, without deductions." Id. After the Seventh Circuit issued the mandate,

the plaintiff filed an amended motion for costs. Dkt. No. 28. The plaintiff reiterated his request for the same costs and submitted a Bill of Cost form (AO 133), as court staff had directed him to. Id. at 1; Dkt. No. 28-1. The plaintiff seeks $520 in costs and appeal fees. Dkt. No. 28-1 (also docketed at Dkt. No. 32). He lists the party against whom judgment was entered as "U.S.E.D. of Wisconsin." Id.

On November 2, 2022, the court directed the clerk of court to set a briefing schedule on the plaintiff's proposed bill of costs and ordered the Wisconsin Department of Justice (DOJ) to respond. Dkt. No. 31. The court explained that it would order service once the clerk had resolved the plaintiff's bill of costs. Id. On November 17, 2022, the DOJ responded to the plaintiff's proposed bill of costs. Dkt. No. 34. Counsel for the DOJ asserts that the plaintiff cannot recover costs because no defendant was served with process in this court or on appeal, and the Court of Appeals did not tax any costs when it issued the mandate. Id. at 2–3 (citing Dkt. No. 27 at 6). Counsel notes that the plaintiff moved for clarification of the mandate, and the Court of Appeals issued an order on August 22, 2022 "to make clear its June 2, 2022 mandate had not assessed any costs." Id.; Dkt. No. 34-1. The August 22, 2022 order provides:

> **IT IS ORDERED** that the request for clarification is **GRANTED** only to the extent that the appellant is informed that no costs were awarded to him. Because no appellees participated in this court, there were no appellees to tax costs against and so no costs were taxed or awarded as part of this court's judgment.

Dkt. No. 34-1.

Counsel for the DOJ contends that this court cannot alter the Court of Appeals' decision awarding the plaintiff no costs. Dkt. No. 34 at 2 (citing Federal Rule of Appellate Procedure 39). Counsel cites a recent Supreme Court decision that clarified that "Rule 39 'does not permit a district court to alter a court of appeals' allocation of the costs[]. . . .'" Id. (quoting City of San Antonio, Texas v. Hotels.com, L. P., ___ U.S. ___, 141 S. Ct. 1628, 1633 (2021)). That full quotation reads, "Rule 39 does not permit a district court to alter a court of appeals' allocation of the costs *listed in subdivision (e) of that Rule.*" City of San Antonio, 141 S. Ct. at 1633 (emphasis added)). But the Supreme Court later makes clear that its ruling applies to all provision of Rule 39: "For the reasons set out above, we hold that courts of appeals have the discretion to apportion *all the appellate costs covered by Rule 39* and that district courts cannot alter that allocation." Id. at 1636 (emphasis added).

Federal Rule of Appellate Procedure 39(a) states that, unless "the court orders otherwise," costs are taxed against the appellee if a judgment is reversed, and costs are taxed "only as the court orders" when a judgment "is affirmed in part, reversed in part, modified, or vacated." Fed. R. App. P. 39(a)(3)–(4). In its order remanding the case to this court, the Seventh Circuit vacated the judgment and remanded for further proceedings; it did not reverse the judgment. Dkt. No. 27 at 4; see also id. at 5 ("Final Judgment" ("The judgment of the District Court is VACATED and the case is REMANDED for further proceedings.")). That means that costs were taxed "only as the court orders." Fed. R. App. P. 39(a)(4). The Seventh Circuit did not order any costs

3

taxed, and its August 22, 2022 order clarified that "no costs were awarded to [the plaintiff/appellant]." Dkt. No. 34-1. Under Supreme Court precedent, the Court of Appeals retains sole "discretion over the allocation of appellate costs" under Rule 39, and this court "cannot exercise a second layer of discretion." City of San Antonio, 141 S. Ct. at 1634. Because the Court of Appeals did not allocate costs to the plaintiff, he is not entitled to any.

The court **DENIES** the plaintiff's proposed bill of costs. Dkt. No. 32.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Captain Menne and Deputy Warden Sam Schneiter at Dodge Correctional Institution and Sergeant Julie Nickels and Superintendent Mark Rice at John Burke Correctional Center. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within sixty (60) days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 4th day of May, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5
Case 2:21-cv-00225-PP   Filed 05/04/23   Page 5 of 5   Document 40