UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY ATWATER,

                Plaintiff,

v.                                                   Case No. 21-cv-225-pp

RODNEY MENNE, JULIE NICKEL, MARK RICE
and RICHARD SCHNEITER (*a/k/a* SAM SCHNEITER),

                Defendants.

---

### ORDER DISMISSING DECEASED DEFENDANT

---

On May 4, 2023, the court denied the plaintiff's proposed bill of costs and ordered service of the complaint on defendants Captain Menne and Sam Schneiter at Dodge Correctional Institution and Julie Nickels and Mark Rice at John Burke Correctional Center. Dkt. No. 40. The court ordered the defendants to respond to the complaint within sixty days. Id. at 4. On June 16, 2023, counsel from the Wisconsin Department of Justice entered a notice of appearance and accepted service on behalf of the defendants. Dkt. Nos. 41, 42. Defense counsel noted that defendant Captain Menne, whose full name is Rodney Menne, is deceased. Dkt. No. 42.

Federal Rule of Civil Procedure 25(a) gives a court authority to substitute a proper party where a claim survives the death of a defendant. See Walsh v. City of Chicago, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with decedent's representative may be appropriate in §1983 action). The Wisconsin Supreme Court has confirmed that under

Wisconsin's survival statute, personal injury claims survive death. Bartholomew v. Wis. Patients Comp. Fund & Compcare Health Servs. Ins. Corp., 293 Wis. 2d 38, 60, n.36 (Wis. 2006) (citing Wis. Stat. §895.01)). Lawsuits brought under §1983 "are best characterized as personal injury actions." Owens v. Okure, 488 U.S. 235, 240 (1989) (internal quotations and citations omitted).

Although the Department of Justice notified the court that Captain Menne was deceased, it did not specify *when* he died. That date is important because if Captain Menne died before the plaintiff filed this lawsuit, then Menne never was a defendant and no proper party may be substituted for him. See Macklin v. Serrano, No. 19-CV-583, 2020 WL 6323079, at *2 (E.D. Wis. Oct. 28, 2020) (citing Schlumpberger v. Osborne, No. 16-cv-78, 2019 WL 927322, at *3 (D. Minn. Feb. 26, 2019); and Laney v. South Carolina Dept. of Corrections, No. 11-cv-3487, 2012 WL 4069680 (D.S.C. May 8, 2012)). According to an obituary published online, Captain Menne died on January 10, 2017. See https://www.fdlreporter.com/story/news/local/2017/01/19/eldorado-firefighter-remembered-giving-spirit/96733206/ (last visited July 14, 2023); https://www.legacy.com/funeral-homes/obituaries/name/rodney-menne-obituary?pid=183566787&v=batesville&view=guestbook (last visited July 14, 2023). Although the complaint involves events that occurred in 2013, the plaintiff did not file his complaint until February 2021—more than four years *after* Captain Menne passed away. Because Captain Menne died several years before the plaintiff brought this lawsuit, he never was a proper party in

the lawsuit. That means the plaintiff may not substitute a proper party for Captain Menne and may not proceed against him or his estate.

The court **DISMISSES** defendant Rodney Menne, sued as Captain Menne. This case will proceed against the remaining three defendants.

The court will issue a separate order scheduling deadlines to move this case forward.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

                        **BY THE COURT:**

                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**